IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-03912-PAB

DELCY CORDOBA ESTEPA,

Petitioner,

v.

GEORGE VALDEZ,[1] Field Office Director of Enforcement and Removal Operations, Denver Field Office, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE, U.S. Attorney General,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and
JUAN BALTAZAR,[2] Warden of Aurora Detention Facility,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Delcy Cordoba Estepa's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 6.

## I. BACKGROUND[3]

Petitioner is a citizen of Colombia who has resided in the United States since 2023. Docket No. 1 at 4, ¶ 19. On July 16, 2026, petitioner was arrested by Immigration and Customs Enforcement ("ICE") at a "normal ISAP[4] check-in." *Id.*

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), George Valdez is automatically substituted as a party to this action.
[2] Pursuant to Federal Rule of Civil Procedure 25(d), Juan Baltazar is automatically substituted as a party to this action.
[3] The following facts are undisputed unless otherwise noted.
[4] Petitioner does not state what the acronym "ISAP" stands for.

(footnote added). Petitioner requested review of her[5] custody by an immigration judge. *Id.* On August 13, 2026, petitioner was denied bond by an immigration judge due to a finding that she was a flight risk. *Id.* The immigration judge found that petitioner had 24 violations of her "pre-trial monitoring,"[6] a finding which petitioner disputes. *Id.*

On August 25, 2026, petitioner filed a habeas petition, bringing one claim that she is entitled to a bond hearing as a member of a class certified in *Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), which petitioner asserts entitles class members detained pursuant to 28 U.S.C. § 1226(a) to a bond hearing. *Id.* at 2, 5-6 ¶¶ 1-2, 26-31. On September 8, 2026, respondents filed a response indicating that they are "not submitting a brief in opposition to the Petition." Docket No. 6 at 2.

## II. ANALYSIS

The Court need not determine whether petitioner is part of the class certified in *Bautista* because the Tenth Circuit has held that noncitizens detained pursuant to 28 U.S.C. § 1226(a) are entitled to a bond hearing. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 (10th Cir. 2026). Respondents do not dispute that petitioner is detained pursuant to 28 U.S.C. § 1226(a) or that petitioner is entitled to a bond hearing under § 1226(a). *See generally* Docket No. 6. However, the petition asserts that petitioner was already given a bond hearing, at which bond was denied. Docket No. 1 at 4, ¶ 19. Petitioner provides no argument why she is entitled to a second bond hearing. Because

[5] The habeas petition uses both masculine and feminine pronouns to refer to petitioner. *See* Docket No. 1 at 4, ¶ 19. However, the habeas petition primarily uses feminine pronouns; thus, the Court presumes the use of masculine pronouns was a typographical error.

[6] Petitioner does not allege details of what "pre-trial monitoring" refers to or what conditions were attached to it.

petitioner has already been granted the relief she seeks in her sole claim, the Court will deny the habeas petition.[7]

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Delcy Cordoba Estepa's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED without prejudice**. It is further

**ORDERED** that this case is closed.

DATED September 21, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

[7] While petitioner does not define the "ISAP" program mentioned in the petition, caselaw indicates that "ISAP" stands for Intensive Supervision Appearance Program and imposes conditions when a noncitizen is released on her own recognizance. *See Maestre-Jimenez v. Baltazar*, No. 26-cv-01782-CNS, 2026 WL 1346180, at *2 (D. Colo. May 14, 2026). If petitioner was previously released on her own recognizance, ICE must follow certain regulations before re-detaining petitioner. *See Paredes Flores v. Baltazar*, No. 26-cv-02162-PAB, 2026 WL 2640876, at *1-2 (D. Colo. Sept. 8, 2026). ICE's failure to adhere to these regulations could potentially constitute a basis for petitioner's release. *Id.* at *2. Petitioner, however, does not allege any such failure to adhere to regulations in this case, nor does she allege that she was previously released on her own recognizance. Because petitioner could potentially state a claim entitling her to relief, the Court will deny the habeas petition without prejudice.